IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Isis Audette Lagos Nunez, ) | Case No.: 4:24-cv-03002-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| Eagles Beachwear and Swimwear of ) | |
| Myrtle Beach, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("Report") (DE 45) of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant Eagles Beachwear and Swimwear of Myrtle Beach's ("Defendant") motion to dismiss (DE 27) Plaintiff Isis Audette Lagos Nunez's Complaint (DE 1).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff Isis Audette Lagos Nunez ("Plaintiff" or "Nunez") filed a *pro se* "Complaint for Employment Discrimination" under Title VII of the Civil Rights Act

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

of 1964. (DE 1.) Using the court's form complaint, Plaintiff alleges she was subjected to discrimination based on race (Latino), sex (female), religion (Christian), and national origin (Honduran, American). (DE 1 at 4–5; DE 45 at 5.)

Plaintiff specifically checked only the "Other Acts" box on the form, rather than selecting specific categories like failure to hire, termination, or failure to promote. (DE 1 at 5; DE 45 at 5.) She describes the alleged conduct as harassment and discrimination by a coworker, identified as cashier Rachida El Oichcham, who allegedly made derogatory comments about Americans, criticized Plaintiff's appearance (specifically, her blue hair), and engaged in unwanted physical contact, including raising her voice, moving her hands close to Plaintiff's face, pulling down Plaintiff's shorts, and hugging Plaintiff against her will. (DE 1 at 5–6; DE 45 at 5–6.)

Plaintiff claims she reported the harassment, was informed that an investigation was underway, and believes she was discriminated against based on her protected characteristics in violation of Title VII. (DE 1 at 6; DE 45 at 5–6.) She seeks punitive damages of $50,000 to deter future similar conduct by the employer. (DE 1 at 7; DE 45 at 5.)

Plaintiff also indicated that she filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 15, 2022, and received a right-to-sue letter on February 16, 2024. (DE 1 at 6; DE 1-1; DE 45 at 6.) The EEOC charge generally mirrored the factual allegations in the complaint but did not provide additional factual details or expand the scope of the claims. (DE 1-1; DE 45 at 6.)

### B. Report and Recommendation

On February 19, 2025, the Magistrate Judge recommended that Defendant's motion to dismiss be granted and that Plaintiff's *pro se* complaint be dismissed with prejudice. (DE 45 at 1, 16.) The Report explained that although *pro se* complaints are entitled to liberal construction, they must still meet the basic pleading standards set by Rule 8 and survive scrutiny under Rule 12(b)(6), as clarified by the Supreme Court in *Twombly* and *Iqbal*. (DE 45 at 2–4.)

The Magistrate Judge found that Plaintiff's complaint, which raises claims under Title VII for discrimination and harassment based on race, sex, religion, and national origin fails to plausibly allege either a disparate treatment claim or a hostile work environment claim. (DE 45 at 8–12.) Specifically, the Report concluded that Plaintiff has not alleged any adverse employment action attributable to Defendant, which is a necessary element for a Title VII disparate treatment claim. (DE 45 at 8–10.) Plaintiff also failed to allege that similarly situated employees outside her protected classes were treated more favorably or that any alleged actions by her coworker were discriminatory based on her protected characteristics. (DE 45 at 10–11.)

Regarding the hostile work environment claim, the Magistrate Judge determined that the alleged coworker conduct—including verbal remarks, pulling Plaintiff's shorts, and unwanted hugging—does not meet the high threshold of being sufficiently severe or pervasive to alter the conditions of employment or create an abusive atmosphere under the law. (DE 45 at 12–14.) Additionally, the Report found

3

no plausible basis for imputing liability to the employer because Plaintiff alleges the employer initiated an investigation after she reported the conduct, which undermines any claim of employer negligence. (DE 45 at 14–15.)

Finally, the Magistrate Judge concluded that even if Plaintiff's additional factual assertions, raised for the first time in her opposition to the motion to dismiss, were considered as a request to amend, such amendment would be futile because the new assertions either fall outside the scope of the EEOC charge or still fail to state a plausible claim. (DE 45 at 15–16.) Plaintiff objected to the Report on February 19, 2025. (DE 48.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff's objections primarily reiterate her original allegations, emphasizing that she was harassed and discriminated against at work due to her race, sex, national origin, and religion. (DE 48.) Plaintiff expresses dissatisfaction with the Magistrate Judge's conclusion that the alleged conduct was not sufficiently severe or pervasive and asserts that her complaint should proceed to trial so that "honorable American people" can hear the facts. (*Id.*) She maintains that the employer's actions (or failures to act) were harmful and unfair and that the evidence she seeks to introduce should be considered despite procedural limitations. (*Id.*) But these objections are not specific, detailed objections to the Magistrate Judge's legal findings. Nor does Plaintiff directly challenge the application of the pleading standards under Rule 12(b)(6), *Twombly*, or *Iqbal*. Instead, her objections focus on her belief that the facts, if fully explored, would justify proceeding to trial.

Nevertheless, the Report carefully explained that Plaintiff's complaint failed to allege facts sufficient to support a claim of disparate treatment, as there was no identified adverse employment action taken by the employer based on a protected characteristic. Similarly, the Report found that the allegations did not meet the legal threshold for a hostile work environment because the alleged coworker conduct — including offensive comments, pulling at clothing, and unwanted hugging — was not sufficiently severe or pervasive to create an abusive or hostile workplace under applicable law.

Moreover, the Report correctly concluded that even if the facts are viewed in the light most favorable to Plaintiff, there is no plausible basis for holding the employer liable. Plaintiff acknowledged that she reported the conduct and that the employer initiated an investigation, which undercuts any claim of employer negligence. Additionally, any new factual assertions raised for the first time in Plaintiff's objections or filings in opposition to dismissal cannot alter the outcome because they fall outside the scope of the original complaint and the administrative claims exhausted before the EEOC.

In sum, while Plaintiff's concerns and personal distress are recognized, federal pleading standards require factual allegations that, if proven, would establish a legal entitlement to relief. Plaintiff's objections do not address or undermine the Magistrate Judge's careful and thorough legal conclusions. And so, the objection is overruled.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 45) in its entirety and incorporates it herein by reference.

It is therefore **ORDERED** that Defendant Eagles Beachwear and Swimwear of Myrtle Beach's motion to dismiss (DE 27) is **GRANTED**, and Plaintiff's Complaint (DE 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 30, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.